**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JAMES COVINGTON, *et al.*  *Plaintiffs*,  v.  JPMORGAN CHASE, *et al.*  *Defendants*. | Case No. 1:09-cv-00030-EGS  *No scheduling order entered* |

**DEFENDANTS JPMORGAN CHASE BANK, N.A. AND DEUTSCHE BANK
NATIONAL TRUST COMPANY'S MOTION FOR SUMMARY JUDGMENT AND
FOR JUDGMENT ON THE PLEADINGS**

Defendants JPMorgan Chase Bank, N.A. ("Chase") and Deutsche Bank National Trust Company ("Deutsche Bank") (together, the "Defendants"), by and through their undersigned counsel, ask this Court to: (1) grant summary judgment in favor of the Defendants: (a) as to Plaintiffs Aquanetta Anderson and Ronald Anderson on the grounds of collateral estoppel and (b) as to each claim asserted on the basis of the loan modification agreement on the basis that the loan modification agreement is void; and (2) to dismiss all other counts of the Complaint for failure to join a necessary party, and submit the accompanying memorandum as their grounds.

Respectfully submitted,

SIMCOX AND BARCLAY, LLP

By:    /s/
JOHN S. SIMCOX
Bar No. 367251
jss@simcoxandbarclay.com

**[SIGNATURE BLOCK CONTINUED ON FOLLOWING PAGE]**

        Simcox and Barclay, LLP
        170 Jennifer Road, Suite 200
        Annapolis, Maryland 21401
        Tel.:  (410) 266-0610
        Fax:  (410) 266-0813

        Attorney for Defendants
        JPMorgan Chase Bank, N.A. and
        Deutsche Bank National Trust Company

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that the foregoing Motion for Summary Judgment and for Judgment on the Pleadings was served via first class mail, postage prepaid on:

| James Covington | Ronald Anderson | Aquanetta Anderson |
|---|---|---|
| 7247 15th Place, N.W. | 7247 15th Place, N.W. | 7247 15th Place, N.W. |
| Washington, D.C. 20012 | Washington, D.C. 20012 | Washington, D.C. 20012 |
| *Plaintiff, pro se* | *Plaintiff, pro se* | *Plaintiff, pro se* |

                                                        /s/
                          JOHN S. SIMCOX

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JAMES COVINGTON, *et al.* <br><br> *Plaintiffs*, <br><br> v. <br><br> JPMORGAN CHASE, *et al.* <br><br> *Defendants*. | Case No. 1:09-cv-00030-EGS <br><br> *No scheduling order entered* |

**MEMORANDUM IN SUPPORT OF DEFENDANTS JPMORGAN CHASE BANK, N.A.
AND DEUTSCHE BANK NATIONAL TRUST COMPANY'S
MOTION FOR SUMMARY JUDGMENT AND
<u>FOR JUDGMENT ON THE PLEADINGS</u>**

Defendants JPMorgan Chase Bank, N.A. ("Chase") and Deutsche Bank National Trust Company ("Deutsche Bank"),[1] by and through their undersigned counsel, submit this memorandum in support of their Motion for Summary Judgment and for Judgment on the Pleadings.

**I. Brief Summary of the Case**

On June 26, 2006, Plaintiff Covington and non-party Alfreda Turnbow borrowed $475,000 from non-party Long Beach Mortgage Company under a note (the "Note") that was secured by a deed of trust (the "Deed of Trust") on the real property known as 7247 15th Place, N.W. in the District of Columbia (the "Property"). On July 9, 2008, Covington and Plaintiff Ronald Anderson executed a Loan Modification Agreement with non-party Washington Mutual Bank (the "Modification Agreement"). On January 8, 2009, Covington, Ronald Anderson, and

---

[1] Deutsche Bank is incorrectly referred to in the Complaint as Deutch Bank National Trust Company.

3

Aquanetta Anderson filed suit in this Court against Chase and Deutsche Bank. The Plaintiffs filed an amended complaint on April 20, 2009 (the "Complaint").

On July 21, 2009, the Superior Court for the District of Columbia entered a Final Declaratory Judgment in *Turnbow v. Anderson*, Case Number 2007 CA 005895 R(RP), holding that: (1) "Alfreda Turnbow with James Covington and no one else are the lawful joint tenants" of the Property; and (2) "Ronald Anderson and his wife Aquanetta Anderson have no right, title, or interest of any kind, legal or equitable" in the Property (the "Declaratory Judgment"). The Declaratory Judgment was issued following a trial in which Covington and the Plaintiffs Anderson were each defendants and counter-plaintiffs.

Because the two Plaintiffs Anderson have been adjudicated to have no interest in the Property, summary judgment should be entered against them and in favor of the Defendants. In addition, because Ronald Anderson has been adjudicated to have no interest in the Property, the Modification Agreement is void because Covington and Ronald Anderson were not the parties to the Note and Deed of Trust that were the subject of the Modification Agreement. Therefore, this Court should enter summary judgment in favor of the Defendants on all claims relating to the Modification Agreement.

After summary judgment is granted in favor of the Defendants on the claims by the Plaintiffs Anderson and the claims relating to the Modification Agreement, the remaining claims relate solely to the origination, servicing, and/or foreclosure of the Note and the Deed of Trust (the "Remaining Claims"). The Remaining Claims should be dismissed because Alfreda Turnbow, Covington's co-borrower on the Note and co-grantor of the Deed of Trust, and a person subject to service of process whose joinder would not deprive this Court of subject matter

jurisdiction, was not joined as a required party to this lawsuit as mandated by Federal Rule of Civil Procedure 19.

## II. Material Facts Not In Dispute

On June 26, 2006, Plaintiff Covington and non-party Turnbow borrowed $475,000 from non-party Long Beach Mortgage Company under the Note. A copy of the Note was attached to the Complaint as Exhibit A. For the convenience of the Court, a copy of the Note is also attached hereto as Exhibit A.

On June 26, 2006, Plaintiff Covington and non-party Turnbow granted the Deed of Trust to secure their performance under the Note. A copy of the Deed of Trust was attached to the Complaint as Exhibit B. For the convenience of the Court, a copy of the Deed of Trust is also attached hereto as Exhibit B.

On July 9, 2008, Plaintiff Covington and Plaintiff Ronald Anderson executed the Modification Agreement. In the Modification Agreement, Plaintiff Covington and Plaintiff Ronald Anderson misrepresented that they were "the current owner of record of the [Property]." Exhibit C at 1. A copy of the Modification Agreement was attached to the Complaint as Exhibit C. For the convenience of the Court, a copy of the Modification Agreement is also attached hereto as Exhibit C.

On July 21, 2009, the Honorable Cheryl M. Long of the Superior Court of the District of Columbia entered a Final Declaratory Judgment and Memorandum Opinion (the "Declaratory Judgment") in Case Number 2007 CA 005895 (the "Quiet Title Action"), declaring that the Plaintiffs Anderson "have no right, title, or interest of any kind, legal or equitable, in the [Property]" and that Plaintiff Covington and non-party Turnbow "and no one else are the lawful joint tenants of the [Property]." A copy of the Declaratory Judgment was attached to the

Plaintiffs Rule LCvR 16.3 Conference Report as Plaintiffs' Exhibit D. Document 11-2 at 24-50. For the convenience of the Court, a copy of the Declaratory Judgment is also attached hereto as Exhibit D.

### III. Legal Standard

**A.    Summary Judgment**

In *Chester v. Wash. Metro. Area Transit Auth.*, 335 F.Supp.2d 57, 61 (D.D.C.2004), this Court set forth the standard for ruling on motions for summary judgment:

> Under Rule 56, summary judgment is appropriate only when the record before the court shows that "there is no genuine issue as to any material fact," Fed.R.Civ.P. 56(c), and the moving party has demonstrated that the non-moving party did not "make a showing sufficient to establish the existence of an element essential to that party's case," *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The non-moving party's evidence must be accepted as true and all reasonable inferences drawn in the non-moving party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Greene v. Amritsar Auto Servs. Co.*, 206 F.Supp.2d 4, 7 (D.D.C.2002). However, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position," *Anderson*, 477 U.S. at 252, 106 S.Ct. 2505, is insufficient to withstand a motion, and "the non-moving party may not rely solely on mere conclusory allegations," *Sokos v. Hilton Hotels Corp.*, 283 F.Supp.2d 42, 46 (D.D.C.2003) (citing *Greene v. Dalton*, 164 F.3d 671, 675 (D.C.Cir.1999)).

In this motion, the facts are beyond dispute, in that the facts relied upon by the Defendants are documents that are both: (1) public records of which this Court may take judicial notice and (2) attached to various filings made in this case by the Plaintiffs. See Fed. R. Evid. 201(b)-(c) (A court may take judicial notice, whether requested or not, of any fact that is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."). Therefore, the Defendants are entitled to summary judgment if the law so provides.

B.  **Judgment on the Pleadings**

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings. Rule 12(h)(2)(B) provides that "[f]ailure to . . . join a person required by Rule 19(b) . . . may be raised . . . by a motion under Rule 12(c)."

C.  **Collateral Estoppel**

The doctrine of collateral estoppel, which is also sometimes referred to as issue preclusion, bars the re-litigation of issues determined in a prior action. Plaintiffs have asserted both diversity and federal question jurisdiction in this lawsuit. However, regardless of whether the substantive law of the District of Columbia or federal law applies, the result is the same.

In *Thomas v. Powell*, 247 F.3d 260, 262-63 (D.C. Cir. 2001), the Court of Appeals for the District of Columbia Circuit held that the "doctrine of collateral estoppel, or as it is now commonly called, 'issue preclusion'. . . provides that 'once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation.'" (Quoting *Montana v. U.S.*, 440 U.S. 147, 153 (1979)). "Invocation of the doctrine [of collateral estoppel] is no longer restricted to those who were parties to the first litigation or their privies, for it has come to be widely accepted that usually little good and much harm can come from allowing a determined plaintiff to retry the same issues in exhaustive fashion against successive defendants." *McLaughlin v. Bradlee*, 803 F.2d 1197, 1204-5 (D.C. Cir. 1986). Moreover, the "federal rule is that pendency of an appeal does not suspend the operation of a final judgment for

purposes of collateral estoppels, except where appellate review constitutes a trial de novo." *Nixon v. Richey*, 513 F.2d 430, 438 (1975).

The rule in the District of Columbia is the same in all essential respects. In *Wilson v. Hart*, 829 A.2d 511, 514 (D.C. App. 2003), the court ruled that the doctrine of collateral estoppel "can be invoked against a party where (1) the issue was actually litigated; (2) was determined by a valid, final judgment on the merits; (3) after a full and fair opportunity for litigation by the party; (4) under circumstances where the determination was essential to the judgment." Like the federal rule, the doctrine of collateral estoppel "may be invoked defensively by one who was not a party to the prior case." *Id.* Also like the federal rule, the rule in the District of Columbia is that judgments are "final for the purposes of issue preclusion [i.e., collateral estoppels] even though the judgment [is] on appeal." *Murray v. Goodwin*, 852 A.2d 957, 959 (D.C. App. 2004).

**D.    Contract Modification**

A fundamental principle of contract law requires that contracts may only be amended with the consent of all parties to the contract. *Hershon v. Hellman Co., Inc.*, 565 A.2d 282 (D.C. App. 1989) ("The parties to a contract are free to modify that contract by mutual consent."). *See also, Western Sky Industries, LLC v. Colttech, LLC*, 2009 WL 2168914 (D. Kan. 2009) ("modification of a prior agreement that materially alters that agreement requires express and mutual assent by all parties named in the contract"); *MECO Systems, Inc. v. Dancing Bear Entertainment, Inc.* 42 S.W.3d 794, 804 (Mo. App. S.D. 2001) ("A meeting of the minds, or mutual assent, of all parties is essential to the formation of any contract, including one formed by modification.") (internal quotation marks and citations omitted); and *Craig v. Kessing*, 253 S.E.2d 264, (NC 1979) ("Terms added to a written contract after its execution without the assent of all the parties do not become part of the contract.").

### E. Required Parties

Rule 19(a)(1) provides that:

A person who is subject to service of process and whose joinder will not deprive the court of subject matter jurisdiction *must* be joined as a party if:

    (A)    in that person's absence, the court cannot accord complete relief among existing parties *or*

    (B)    that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

        (i)    as a practical matter impair or impede the person's ability to protect the interest; or
        (ii)    leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

"If a person has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff." Fed. R. Civ. P. 19(a)(2). The failure to join a required party under Rule 19 is grounds for dismissing the case. Fed. R. Civ. P. 12(b)(7).

### IV. Argument

**A.  The Plaintiffs Anderson have been adjudicated to have no interest in the Property and judgment should be entered in favor of the Defendants on the grounds of collateral estoppel.**

The Plaintiffs Andersons' standing in this lawsuit is predicated upon their alleged interest in the Property. The Declaratory Judgment, however, makes perfectly clear that the Plaintiffs Anderson do not have any interest whatsoever in the Property: "Ronald Anderson and his wife Aquanetta Anderson have no right, title, or interest of any kind, legal or equitable, in the [Property]." Exhibit D at 1.

9

The doctrine of collateral estoppel has three elements:

(1) the issue was actually litigated and a valid, final judgment on the merits was entered;

(2) the party against which collateral estoppel is invoked must have had a full and fair opportunity to participate in the litigation;

(3) the resolution of the issue was essential to the judgment in the earlier litigation.

*Wilson v. Hart*, 829 A.2d 511, 514 (D.C. App. 2003). *See also Thomas v. Powell*, 247 F.3d 260, 262-63 (D.C. Cir. 2001) ('issue preclusion'. . . provides that once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation") (Internal quotation marks and citations omitted).

In the instant case, the issue of the ownership of the Property was the subject of the Quiet Title Action and the Plaintiffs Anderson were parties to that lawsuit. Exhibit D at Memorandum Opinion at 1. A trial was conducted in the Quiet Title Action and the Plaintiffs Anderson participated in the trial. Exhibit D. The Superior Court had subject matter jurisdiction over the Quiet Title Action. D.C. Code, § 11-921. All of the elements of collateral estoppel have been met.

There can be no fact dispute as to whether the Declaratory Judgment was entered by the Superior Court. Therefore, because the elements of collateral estoppel have been satisfied, the defendants are entitled to judgment as a matter of law. The Plaintiffs Anderson are, as they should be, precluded from re-litigating the issue of whether they own an interest in the Property, and this Court should enter summary judgment against the Plaintiffs Anderson and in favor of the Defendants as to all claims made by the Plaintiffs Anderson.

**B.     The Modification Agreement is void and of no effect and judgment should be entered in favor of the Defendants on all claims relating to the Modification Agreement.**

The Complaint asserts numerous, albeit ill-defined, claims relating to the Modification Agreement. With the exception of pages 3 and 4, every page of the Complaint alludes to the Modification Agreement. There is no dispute of fact as to the authenticity of the Note, the Deed of Trust, or the Modification Agreement, in that each document was attached to the Complaint. The Deed of Trust and the Note were agreements between Plaintiff Covington and non-party Turnbow, on the one hand, and non-party Long Beach Mortgage Company, on the other hand. Exhibits A and B.

The Modification Agreement purports to alter the terms of the Note and Deed of Trust. Exhibit C. The parties to the Modification Agreement are Plaintiffs Covington and Ronald Anderson, on the one hand, and Washington Mutual Bank, on the other hand.[2] *Id.* Non-party Turnbow, a co-borrower on the Note and a co-grantor on the Deed of Trust, is not a party to the Modification Agreement. In the Modification Agreement, Plaintiffs Covington and Ronald Anderson misrepresented that they were the "current owner of record of the [Property}" and that "[n]o other person[] . . . ha[s] ownership, management or control" of the Property. Exhibit C at 2. Because the Superior Court found that Ronald Anderson had no interest whatsoever in the Property and that non-party Turnbow was a lawful joint tenant of the Property, the representation in the Modification Agreement was false.

Contract law requires that each party to a contract agree to any modification. *See, e.g., Western Sky Industries, LLC v. Colttech, LLC*, 2009 WL 2168914 (D. Kan. 2009) ("modification of a prior agreement that materially alters that agreement requires express and mutual assent by

---

[2] The copy of the Modification Agreement attached to the Complaint does not, however, include a signature page executed by Washingdon Mutual. Exhibit C.

11

all parties named in the contract"). Not only was non-party Turnbow not a party to the Modification Agreement, she called Chase and disavowed the Modification. *See* Exhibit B to Plaintiff's Motion for Partial Summary Judgment at Document 10-2 at 10 ("Borr 2 [*i.e.*, Turnbow] calling stating that mod should not be approved because she didn't sign docs.").

Because there is no fact issue as to the authenticity of the Modification Agreement, in that it was attached to the Complaint, the Defendants are entitled to judgment as a matter of law because the Modification Agreement is void in that it was not executed, or agreed to, by all parties to the Note and the Deed of Trust. In particular, non-Party Turnbow was not a party to the Modification Agreement. Because the Modification Agreement is a legal nullity, the defendants are entitled to judgment on all claims that are based upon the alleged breach of the Modification Agreement.

**C.    Non-party Alfreda Turnbow is a required party under Rule 19 and all remaining claims should be dismissed pending her joinder in the lawsuit.**

As explained above, non-party Turnbow is a co-borrower under the Note and a co-grantor of the Deed of Trust. The claims asserted in the Complaint that do not relate to the Modification Agreement appear to relate to a myriad of federal and District of Columbia laws that relate to consumer credit. As a preliminary matter, non-party Turnbow appears to be a citizen of the District of Columbia in that she owns real property in the District and claimed residency in the District in the Quiet Title Action; she is, therefore, subject to the jurisdiction of this Court. Therefore, she must be joined as a party to this lawsuit if any of the three conditions set forth in Rule 19(a)(1) exist.

Rule 19(a)(1) sets forth three conditions, any one of which requires that a party be joined. First, a person must be joined if "in that person's absence, the court cannot accord complete relief among existing parties." Rule 19(a)(1)(A). In this case, the Complaint requests relief

related to the Note and the Deed of Trust, which this Court may not grant without each party to those documents being a party to the lawsuit. *Ward v. Deavers*, 203 F.2d 72, 75 (1953).

The second condition that requires a person to be joined is if the failure to join that person impairs that person's ability to protect her interest in the property if the action proceeded without her participation. Rule 19(a)(B)(i). To the extent that this Court were to enter an order relating to the disposition of the Property or a reformation of either the Note or the Deed of Trust, non-party Turnbow's ability to exercise her own rights under those agreements may be impaired.

And the third condition is if the failure to join that person "leave[s] an existing party subject to a significant risk of incurring double, multiple, or otherwise inconsistent obligations." Rule 19(a)(1)(B)(ii). Here, non-party Turnbow would have the opportunity to observe this lawsuit and then assert the same claims with the benefit of seeing how this lawsuit unfolded. If the Plaintiffs were to prevail in this action, non-party Turnbow could simply file a similar lawsuit. If the Defendants were to prevail, non-party Turnbow would have the opportunity to tailor any future claims to circumvent the findings in this lawsuit. Alternatively, a second court could rule inconsistently with this Court on the same issues and arguments. In any event, the Defendants would be prejudiced.

Because all of the claims unrelated to the Modification Agreement involve non-party Turnbow as a co-borrower under the Note and a co-grantor under the Deed of Trust, the lawsuit should not proceed until and unless Turnbow is joined as a party to this lawsuit. Therefore, all

remaining claims in the Complaint should be dismissed, without prejudice, and Plaintiff Covington should be given an opportunity to join Turnbow in an amended complaint.[3]

## V. Conclusion

The Plaintiffs Anderson have been adjudicated to have no interest in the Property and, accordingly, judgment should be entered in favor of the Defendants on the basis of collateral estoppel.  The Modification Agreement is void because any modification must be agreed to by all parties to the contract and Alfreda Turnbow, a co-borrower on the Note and a co-grantor on the Deed of Trust, was not a party to the Modification Agreement.  The remainder of the claims asserted in the Complaint appear to relate to the origination, servicing, and foreclosure of the Note and Deed of Trust, and co-borrower Alfreda Turnbow must be joined as a required party under Rule 19 to enable this Court to grant the relief requested, as well as to protect the interests of both Turnbow and the Defendants. Therefore, all remaining counts should be dismissed without prejudice and Plaintiff Covington should be afforded an opportunity to amend the Complaint to join Turnbow as a required party and to conform to the mandate of Rule 8((a)(2) that the complaint contain "a short and plain statement of the claim showing the pleader is

---

[3] Defendants are sensitive to the fact that Plaintiffs are acting *pro se* in this lawsuit. Nevertheless, the Complaint is a particularly vague and mysterious document.  The Complaint appears to have been copied from a source unknown, in that a very similar complaint has been filed in the Northern District of California. *See* complaint in *Fried v. Washington Mutual*, Case Number 09-CV-01049-SBA, which was filed after the Complaint.  One could infer that both the Fried complaint and the Complaint were copied from a third document because: (1) the Fried complaint was filed after the Complaint (and therefore could not have been the source of the Complaint) and (2) the Complaint cites to a California statute in ¶ 43, and refers in ¶ 10 to "Group 9," a party that is a stranger to this lawsuit.  In any event, this Court should order Plaintiff Covington, should he elect to file an amended complaint, to file such an amended complaint in full compliance with Rule 8(a)(2)'s mandate that the amended complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," rather than simply copying a "one size fits all" complaint from the internet.

entitled to relief."  In the event that Covington fails to join Turnbow and file such an amended complaint within thirty (30) days, the case should be dismissed with prejudice.

                                            Respectfully submitted,

                                            SIMCOX AND BARCLAY, LLP

By:                /s/
                                            JOHN S. SIMCOX
                                            Bar No. 367251
                                            jss@simcoxandbarclay.com

                                            Simcox and Barclay, LLP
                                            170 Jennifer Road, Suite 200
                                            Annapolis, Maryland 21401
                                            Tel.:   (410) 266-0610
                                            Fax:   (410) 266-0813

                                            Attorney for Defendants
                                            JPMorgan Chase Bank, N.A. and
                                            Deutsche Bank National Trust Company